**John Henry LEE, Jr., #028436,**
**Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT, Director, Division of Corrections, State of Fla.,**
**Respondent-Appellee.**

**No. 73-2280**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Dec. 6, 1973.

Raymond Tamargo, Jr., Tampa, Fla. (Court-Appointed), for petitioner-appellant.

P. A. Pacyna, Asst. Atty. Gen., David Luther Woodward, Asst. Atty. Gen., Tampa, Fla., for respondent-appellee.

Before GEWIN, COLEMAN and MORGAN, Circuit Judges.

PER CURIAM:

Appellant Lee, a state prisoner, appeals from an order denying his petition for a writ of habeas corpus. He contends that evidence introduced at his trial was seized incident to an illegal arrest and that he was interrogated without prior *Miranda* warnings.

██ Upon a complete review of the record we find that appellant's contentions are without merit. His initial detention was proper because it was based upon specific facts known to the police officer. Between 4:00 and 5:00 o'clock in the morning the officer was searching a residential neighborhood for a black rape suspect driving a Ford. Appellant was a black male driving a Ford in the neighborhood at that time. Probable cause for an arrest, of course, was not needed to momentarily detain the appellant in the course of the officer's

* Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5th Cir. 1970, 431 F.2d 409, Part I.

investigation.[1]   Subsequently obtained information made an arrest justifiable under the probable cause standard.

■   We find the *Miranda* issue is primarily factual.   The material facts were fully developed at a state court hearing on a motion to suppress, and the state's factual determination was fairly supported by the record.   There is no allegation of newly discovered evidence. The district court properly made an independent examination of the file and state court record as well as considering a magistrate's report and recommendation.

Upon the authority of Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed. 2d 770 (1963), this petition was properly dismissed.

Affirmed.

1. See, Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), and United States v. Moreno, 475 F.2d 44 (5th Cir. 1973).